BENDER v COOPER et

Ohio Appeals, 9th Dist, Summit Co

No 2554.   Decided Nov 18, 1935

Scott D. Kenfield, Akron, and Raymond J. McGowan, Akron, for plaintiff.

Herman E. Werner, Prosecuting Atty., Akron, and Robert S. Pflueger, Asst. Pros. Atty., Akron, for defendants.

## OPINION

PER CURIAM

This action is in this court on appeal by plaintiff from a judgment of the Common Pleas Court granting plaintiff an order enjoining the public authorities from collecting the full amount of a special assessment for road improvement assessed upon her property.

We do not have a transcript of the proceedings before the commissioners in the record, but we do have the admission of counsel for plaintiff that the proceedings were regular in all particulars, except as to the assessment against plaintiff's property having been made on the basis of benefits. Counsel for plaintiff specifically claim that the assessment made was not made in accordance with benefits, and that it is excessive in amount.

The testimony as to said benefits is meager and unsatisfactory, and not particularly convincing.

As we understand the law, benefits accruing to land from road improvement are not determinable by owners' use of land, nor by any use to which a particular owner could devote it, but are matter of forecast and estimation; and if the public officials having the power to fix such assessment act within their statutory authority and without fraud, and according to a procedure which affords a fair and reasonable method of apportioning the benefits among the various properties to be assessed, their conclusions will not ordinarily be disturbed by a court; and especially is this true where there is no actual confiscation under color of an assessment.

From the record as it is before us in this case, we do not find that the public authorities, while professing to assess according to benefits, actually assessed according to front footage. We think it is fairly disclosed by the record that they determined, first, the benefits accruing to all of the properties to be assessed, and, that, in apportioning the same to various properties, they made two general divisions; farm property and property other than farm property; that as to farm property, foot frontage was used as a means of apportionment, but for the purpose of equalization, some of the property in both of said classes was considered as having less frontage than its actual frontage; and that plaintiff's property was figured as having less frontage than it actually had.

While the method adopted is not in all respects commended, we are unable to say that it was not a fair and reasonable rule of apportionment of assessments for benefit in this case. But in the application of the rule, we are of the opinion, under the evidence in this case, that plaintiff's property should have been considered as having still less frontage than the authorities used in making the assessment.

Our judgment coincides with the judgment of the trial court in this, to-wit, that the assessment placed upon plaintiff's property is excessive as to all above $4,000, and that plaintiff should not be required to pay for any delinquencies or interest for past defaults, and that therefore the assessment should be reduced to $4,000, payable in three equal payments: one in December, 1935, one in June, 1936, and the other in December, 1936; plaintiff being entitled, however, to any extensions in time of payment which the public authorities may extend to the owners of the other properties assessed in said improvement.

A decree may be drawn accordingly.

FUNK, PJ, STEVENS and WASHBURN, JJ, concur in judgment.